WARD, Judge,
concurs in part; dissents in part.
This appeal presents the unusual posture of Michael Ansalve appealing from a judgment which granted him what he prayed for in his petition — a judgment against Ruben Tucker. Although he complains to this court that the trial court erred by giving him what he prayed for, his real complaint is that he did not receive as much as he believes he should have. But, this court does not give any credit to that argument because it affirms the quantum of the money judgment against Tucker’s insurer, Allstate, even though it reverses the trial court judgment against Tucker.
The only issue remaining is whether An-salve by the expediency of this appeal can annul a judgment he asked for and which the trial court gave to him. The majority says he can because that judgment is “absolutely null”. There was not service of process and the majority holds that, as a consequence, Tucker cannot acquiesce in or ratify an absolutely null judgment. The majority also believes that Ansalve in this appeal has standing to attack the judgment against Tucker, thus giving Ansalve two bites at the apple by permitting him to again litigate quantum of damages in a suit against Tucker. If Tucker is cast in judgment for damages, the opinion of the majority affirming the award of quantum in the judgment against Allstate is meaningless because Allstate still has to pay up to its policy limits.
*121 I concur in the majority decision affirming the award of damages, but I dissent from that part of the opinion reversing the judgment against Tucker. I believe that Tucker acquiesced in the judgment and the formerly defective judgment became valid before Ansalve took an appeal. As a consequence, when Ansalve appealed, there was a valid judgment against Tucker and Allstate, and when the majority upheld the judgment as to quantum, the matter was settled as to both Allstate and Tucker.
The majority opinion is grounded on a strict interpretation of C.C.P. article 1201. By relying solely on article 1201 the majority errs. Article 1201 must be read with other articles of the code of procedure, and at least four separate articles are relevant: article 6, providing for jurisdiction over the person; article 1201, requiring citation and service; article 2002, providing for nullity of judgments for vices of form, and article 2003, which says the action for nullity can be lost through acquiescence.
I believe all four are concerned with jurisdiction over the person. Article 6 requires service for a court to obtain jurisdiction. Article 1201 is applicable when there is no jurisdiction — all proceedings are absolutely null. Articles 2002 and 2003 mean that a defendant can submit to the jurisdiction of the court where there is no service by acquiescing in the judgment.
The majority interpretation of article 1201 is at odds with article 6, Socorro v. City of New Orleans, 579 So.2d 931 (La.1991), and article 2003. A defendant can waive either expressly or impliedly the right to object to jurisdictional defects by submitting to the jurisdiction of court. C.C.P. art. 6(3). When he makes a general appearance, he submits to the jurisdiction of the court. Socorro, supra. In either case, it is clear that there are exceptions to the requirement of service of process and it is equally clear that proceedings are not always “absolutely null”. I believe that when a court acquires jurisdiction through any means or when its jurisdiction is recognized by a defendant, then article 1201 is not applicable, and proceedings therein are not absolutely null.
Articles 6 and 2003 make clear that there are exceptions to the rule of “absolute nullity” of article 1201, either because there is jurisdiction or because a defendant recognizes the court’s jurisdiction. As an example, although C.C.P. art. 2002 states that judgments rendered against a defendant who has not been served may be annulled, article 2003 states that a defendant who voluntarily acquiesced in the judgment, or who was present in the parish at the time of its execution and did not attempt to enjoin its enforcement, may not annul the judgment on any of the grounds enumerated in Article 2002.
If, as the majority believes, “absolutely null” means that a judgment rendered without service of process has no legal consequences, as if it was non-existent, then that opinion is at direct odds with article 2003 because that article gives such a judgment legal consequences and some type of existence. There are legal consequences because if it is ignored it may be executed. And if a defendant can acquiesce to it, it must have some existence before acquiescence.
Because article 2003 shows that it does have legal consequences, I would resolve the apparent conflict by holding that the proceedings without service of process are null, not only because article 1201 says so, but also because there is not jurisdiction over the person, required by article 6. But a defendant can waive objections to jurisdictional deficiencies by submitting to the jurisdiction of the court by making a general appearance or acquiescing in the judgment.
In this case Tucker has done just that. After Ansalve moved for a new trial, counsel for both Allstate and Tucker filed a written opposition to Ansalve’s motion, saying:
Both defendant, Ruben Tucker and Allstate Insurance company, confess to judgment as rendered ... Defendant Ruben Tucker waives service of process to accept the judgment ...
What more is needed for a defendant to acquiesce under C.C.P. art. 2003?
*122 And if, as the majority says, the defendant cannot acquiesce by expressly waiving jurisdictional objections, then the result is absurd: A defendant, against his will under certain circumstances, will be judicially held to waive jurisdictional objections, and even to acquiesce in a judgment; but when it is his intention to waive them he will be judicially held not able to do so.
If a defendant may be held to expressly or impliedly waive objections to personal jurisdiction, C.C.P. art. 6(3), and can be held to submit to the jurisdiction by a general appearance, then most certainly a defendant who expressly waives service of process and confesses judgment submits to the jurisdiction of the court and gives validity to an otherwise null judgment.